UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Wicklund, | ) |
|       Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| James A. West, P.C. and John Doe, | ) |
|       Defendants. | ) |

**COMPLAINT**

**JURY TRIAL DEMANDED**

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff David Wicklund (hereinafter "Plaintiff"), is a natural person residing in the County of Chisago, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant James A. West, P.C. (hereinafter "Defendant West"), is a law firm operating from an address of 6380 Rogerdale Road, Suite 130, Houston, TX 77072-1624 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe (hereinafter "Defendant Doe") is a natural person employed by Defendant West as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to the summer of 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant West for collection.

9. In early summer of 2009, Plaintiff started receiving telephone calls from Defendant Doe in attempt to collect the alleged debt.

10. Defendant Doe stated that if Plaintiff did not pay the debt, Defendant West would hire local counsel to bring a Summons and Complaint against Plaintiff.

11. As to the date of this Complaint Plaintiff has not received a Summons and Complaint in regards to the alleged debt.

12. Defendant Doe made statements to Plaintiff such as, "you won't be able to get a job, buy a house, get a car" and threatened to garnish Plaintiff's paycheck.

13. The conduct of Defendants in threatening to take any action that cannot legally be taken, by using conduct the natural consequence of which is to harass, oppress, or abuse any person, by using false, deceptive, or misleading representations or means in connection with debt collection and using any unfair or unconscionable means to collect an alleged debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10), and 1692f amongst others.

## Respondeat Superior Liability

14. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant West who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant West.

15. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant West in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant West.

17. Defendant West is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

18. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

**TRIAL BY JURY**

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

22. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

23. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

24. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff; and

25. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff.

                                  MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  December 11, 2009        s/ Mark L. Vavreck                                     .
                                 Mark L. Vavreck, Esq.
                                 Bar Number #0318619
                                 Attorney for Plaintiff
                                 Martineau, Gonko & Vavreck, PLLC
                                 Designers Guild Building
                                 401 North Third Street, Suite 600
                                 Minneapolis, MN 55401
                                 Telephone:  (612) 659-9500
                                 Facsimile:   (612) 659-9220